UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| LESTER MIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 21-4146 |
| v. | ) | |
| | ) | |
| DALE BROOKS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 10). The case is now before the Court for a merit review of Plaintiff's amended complaint. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's allegations arise from his pretrial detention at Knox County Jail. He alleges in his amended complaint that Defendant Dennis assigned him a homosexual cellmate, and that the cellmate masturbated while "gawking" at Plaintiff approximately three weeks later. Plaintiff alleges that jail officials moved him to a different cell once he notified them. Plaintiff alleges that

Defendant Dennis later "while making masturbating hand gestures says I should be use[d] to men jacking off around me because I had been in prison." He also alleges that Defendant Dennis told detainees "to tell me [to] gain weight, which almost lands me in a fist fight," and that she denied him a phone call to arrange for bond despite permitting other detainees to do so.

Plaintiff alleges that jail officials kept his H&R Block debit card in Defendant Glossip's lockbox without his permission or notification that they were holding it. Plaintiff alleges that Defendant Williamson placed him on lockdown without a hearing or issuance of a disciplinary report following an argument Plaintiff had with Defendant Brooks over the return of his debit card. Plaintiff alleges that Defendant Zaehringer moved him to segregation following a separate incident Plaintiff had with another detainee. Plaintiff alleges that unidentified jail officials told him he was in segregation "because I couldn't get along with others."

Plaintiff states: (1) a Fourteenth Amendment claim against Defendant Dennis for the alleged verbal harassment, *cf. Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019); (2) a Fourteenth Amendment procedural due process claims against Defendants Williamson and Zaehringer for allegedly placing him in more restrictive confinement without a hearing, *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011); and (3) a Fourteenth Amendment procedural due process claim against Defendants Brooks, Glossip, and Abernathy for allegedly confiscating his mail without notice or an opportunity to object. *Miller v. Downey*, 915 F.3d 460, 465 (7th Cir. 2019).

Plaintiff does not state a failure-to-protect claim against Defendant Dennis for allegedly assigning a homosexual detainee to share a cell with him. No plausible inference arises that the assignment was objectively unreasonable or that the detainee posed a significant risk of harm to Plaintiff. Jail officials moved Plaintiff immediately once notified of any issues.

**Plaintiff's Motions to Consolidate Cases (Docs. 12, 13)**

Plaintiff asks the Court to consolidate his 12 pending cases so that he can pay one filing fee and limit deductions from his trust fund account to 20 percent (20%) of his monthly income. Plaintiff's other litigation involves events unrelated to the events at issue here. Consolidation of this case with Plaintiff's other cases, except to the extent the Court has already done so in this case, is not appropriate. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

Prisoners proceeding *in forma pauperis* are also required to pay 20% of their monthly income towards the filing fees for each case. *Bruce v. Samuels*, 136 S. Ct. 627 (2016). Prison officials must deduct 20% if Plaintiff filed one case, 40% if Plaintiff filed two, and so on. If Plaintiff has filed five or more lawsuits, prison officials must deduct 100% of Plaintiff's monthly income until the filing fees are paid in full. *Id.* Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED:**

**1.     Plaintiff's Motion for Leave to File an Amended Complaint [11] is GRANTED. Clerk is directed to docket Plaintiff's motion as an amended complaint.**

**2.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim against Defendant Dennis for the alleged verbal harassment, a Fourteenth Amendment procedural due process claims against Defendants Williamson and Zaehringer for allegedly placing him in more restrictive confinement without a hearing, and a Fourteenth Amendment procedural due process claim against Defendants Brooks, Glossip, and Abernathy for allegedly confiscating his mail without notice or an opportunity to object. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

4.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that

defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

   11.   The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

   12.   The clerk is directed to terminate Defendants Dean, McKinney, Millard, Johnson, and Stuart as defendants.

   13.   The clerk is directed to attempt service on Defendants Brooks, Zaehringer, Dennis, Glossip, Abernathy, and Williamson pursuant to the standard procedures.

   14.   Plaintiff's Motions [12][13] are DENIED.

Entered this 9th day of June, 2022.

                    *s/Sara Darrow*
                   SARA DARROW
              CHIEF U.S. DISTRICT JUDGE